IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC LAUDERDALE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:13-CV-127 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Eric Lauderdale on February 22, 2013, and the motion to dismiss filed by the respondent on July 3, 2013. For the reasons set forth below, the motion to dismiss (DE 7) is **GRANTED**, the petition (DE 1) is **DISMISSED**, and the Clerk is **DIRECTED** to send Eric Lauderdale a blank 42 U.S.C. § 1983 Complaint Packet.

BACKGROUND

Eric Lauderdale, a *pro se* prisoner, is attempting to challenge the prison disciplinary proceeding (MCF 12-08-0019) held by the Miami Correctional Facility Disciplinary Hearing Body (DHB) on August 14, 2012. Lauderdale was found guilty of possessing an electronic device in violation of B-207. He was punished with the loss of 90 days earned credit time and demoted from credit class I to II. In addition, he was given a written reprimand, a suspended

30 day placement in disciplinary segregation, and a 1 month loss of telephone and commissary privileges. In addition, as a result of having been found guilty, Lauderdale was fired from his job and consequently lost the opportunity to earn 180 days earned credit time. On appeal, the superintendent suspended the 90 day loss of earned credit time and the demotion from credit class I to II.

DISCUSSION

The motion to dismiss argues that because the deadline for imposing the suspended loss of earned credit time and the suspended demotion in credit class has passed, Lauderdale has not had the duration of his confinement extended as a result of this prison disciplinary proceeding. Lauderdale understands that his suspended sentences can never be imposed. However, he argues that because of this hearing, he lost his prison job and thereby lost the opportunity to earn 180 days of earned credit time.

Nevertheless, a prison disciplinary action can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement, *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Here, this prison disciplinary proceeding is not extending the duration of his confinement. It is true that he has been deprived of the chance to shorten his sentence, but that collateral consequence cannot be challenged in a habeas corpus proceeding. *Cochran v. Buss*, 381 F.3d 637, 641 (7th

Cir. 2004) (Holding that the loss of an inmate's job, housing assignment, reputation, and access to prison programs were insufficient collateral consequences to permit jurisdiction over a prison disciplinary habeas corpus petition which did not result in the loss of earned credit time.)

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions – when the decision may be challenged at all, which under *Sandin v. Conner* [515 U.S. 472 (1995)] will be uncommon.

*Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (citations omitted).

Because Lauderdale has expressed a desire to challenge events which can only be challenged in a prisoner civil rights case (if at all), the court will direct the clerk to send him the paperwork to file such a case if he chooses to do so. However, Lauderdale should not infer that by doing so the court has expressed any opinion as to the merits of such a claim nor the wisdom of filing such a case. Furthermore, he is cautioned that if he files a prisoner civil rights case, he will have to pay the filing fee either in advance or over time – and that if the case is found to be meritless, he may incur a "strike" pursuant to 28 U.S.C. § 1915(g).

CONCLUSION

    For the reasons set forth above, the motion (DE 7) is **GRANTED**, the petition (DE 1) is **DISMISSED**, and the Clerk is **DIRECTED** to send Eric Lauderdale a blank 42 U.S.C. § 1983 Complaint Packet.

DATED: August 22, 2013                      /s/RUDY LOZANO, Judge
                                                    United State District Court